Filed 4/6/26  Rockwell v. Dept. of Motor Vehicles CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| PAUL ROCKWELL,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DEPARTMENT OF MOTOR VEHICLES,<br><br>Defendant and Appellant. | F089926<br><br>(Super. Ct. No. BCV-24-102237)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Kern County.  Bernard C. Barmann, Judge.

Rob Bonta, Attorney General, Chris A. Knudsen, Assistant Attorney General, Kenneth C. Jones and Kenneth K. Wang, Deputy Attorneys General, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

-ooOoo-

Paul Rockwell was "arrested … for driving under the influence" on March 24, 2024.  His license to drive was suspended by the Department of Motor Vehicles (DMV) on June 3, 2024, after an "administrative hearing[.]"  Rockwell then petitioned the superior court, on July 3, 2024, "to set aside" the DMV's suspension.

The superior court granted the petition in Rockwell's favor and entered judgment on the basis "the administrative hearing violated [Rockwell's] right to due process of law." The DMV appeals, contending there was no due process error. We agree with the DMV and reverse.

## BACKGROUND

Law enforcement officers contacted Rockwell on March 24, 2024, while following up on a reported hit-and-run. Rockwell "exhibited symptoms of alcohol intoxication." "[A]n evidentiary breath sample … indicated he had [a] blood alcohol content level of approximately .143%."

Rockwell was subsequently arrested and served with an "administrative per se suspension/revocation order and temporary driver license[.]" The suspension informed Rockwell of his right "to request a hearing to show that the suspension or revocation [was] not justified." He availed himself of the hearing, at which "the suspension or revocation of [his] driving privilege [was] reimposed or sustained[.]"

At the hearing—held on May 24, 2024—the "hearing officer" first declared she was "a neutral factfinder … prohibited from … act[ing] as an advocate for the DMV or law enforcement." Rockwell immediately objected the process was "unconstitutional," asserting the hearing officer was not "impartial."

The hearing officer responded there was no "statutory authority to make a determination [the] hearing [was] unconstitutional" and then moved several items into evidence: 1) a form officer's statement, 2) "an intoxication report," 3) "an arrest report," 4) "a traffic collision report," and 5) Rockwell's "driving record printout." Rockwell objected to the evidence, arguing it "contain[ed] unsupported breath test results" and

"hearsay[.]"[1] The objections were overruled. The hearing officer later issued a written decision, described above, upholding the license suspension.

Rockwell subsequently petitioned the superior court, on July 3, 2024, to set aside the DMV's action. He contended the breath tests were "unsupported," and the DMV's hearing officer "acted as both an advocate and adjudicator violating [Rockwell's] due process right[s.]" The DMV, now represented by the Attorney General, argued Rockwell's arrest was presumptively lawful and unrebutted, and the hearing officer "merely present[ed] and admit[ted] evidence" without advocacy.

The trial court issued its decision on May 20, 2025, agreeing with Rockwell and finding the DMV's hearing officer served as both "advocate" and "decision-maker." The court based its finding on the fact "a reviewing court" cannot "divine from the hearing record … whether any 'advocacy' is going in the [officer's] mind or … whether the [officer] was in fact approaching the hearing as an impartial decision-maker." In so holding, the court explicitly disagreed with *Knudsen v. Department of Motor Vehicles* (2024) 101 Cal.App.5th 186 (*Knudsen*), finding it "problematic and unworkable as a practical matter[.]"

Finally, the trial court concluded "[t]he line between 'advocating' and 'adjudicating' is not clear and delving into the written record of the proceedings to divine the motives of the hearing officer where the … officer does the minimum, i.e., introduces exhibits, overrules objections[,] and issues a ruling, is next to impossible[.]" It then "direct[ed] the DMV to vacate its decision and to conduct a new … [h]earing before a

---

[1] There were two breath tests recorded in this case, ".143% BAC" and ".142% BAC[.]"

new hearing officer with a separate individual serving as an independent advocate."[2]  A conforming judgment followed the same day.

## DISCUSSION

The DMV asserts "Rockwell was afforded a fair … hearing[] with a neutral adjudicator free from bias."  It points out "[t]he mere fact that there was no DMV advocate present does not automatically turn [the hearing officer] into an advocate."  We agree.

" 'When, as here, an administrative agency conducts adjudicative proceedings, the constitutional guarantee of due process of law requires a fair tribunal.  [Citation.]  A fair tribunal is one in which the judge or other decision maker is free of bias for or against a party.' " (*Today's Fresh Start, Inc. v. Los Angeles County Office of Education* (2013) 57 Cal.4th 197, 215 (*Today's Fresh Start*).)  " ' "A challenge to the procedural fairness of the administrative hearing is reviewed de novo on appeal because the ultimate determination of procedural fairness amounts to a question of law." ' " (*Boermeester v. Carry* (2023) 15 Cal.5th 72, 85.)

"To demonstrate a due process violation of the right to an impartial adjudicator, the complaining party must lay a specific foundation that is supported by specific evidence that demonstrates either actual bias or a constitutionally intolerable probability of bias." (*Knudsen, supra,* 101 Cal.App.5th at p. 198.)  "[T]he absence of a constitutionally impartial adjudicator, through either the presence of actual bias or a constitutionally intolerable probability of bias … is a structural error." (*Id.* at p. 206.)

"Whether a hearing officer actually acted as an advocate for the DMV should be determined by examining the records and transcripts of the … hearing, as well as the

---

[2] In potential dicta, the trial court did find the hearing officer's "conduct of marking and admitting … documents, particularly over objections, constituted functional advocacy."

4.

decision rendered by the … officer. The analysis will necessarily depend on the unique facts of each hearing." (*Knudsen, supra,* 101 Cal.App.5th at p. 207.)

First, we reject the trial court's suggestion *Knudsen* was wrongly decided or unworkable. It is well settled " 'the combination of investigative, prosecutorial, and adjudicatory functions within a single administrative agency does not create an unacceptable risk of bias and thus does not violate the due process rights of individuals who are subjected to agency prosecutions.' " (*Today's Fresh Start, supra,* 57 Cal.4th at p. 221.) The court's ruling lamenting the inability to divine mental processes improperly grafts structural error onto each and every administrative hearing where the presiding officer is an employee of the same department. That is not the law. (*Ibid.*)

Second, "where … a hearing officer merely introduces the documents that law enforcement duly forwarded to the DMV, … the officer is merely collecting and developing evidence, not advocating for the DMV." (*Romane v. Department of Motor Vehicles* (2025) 110 Cal.App.5th 1002, 1018 (*Romane*), review granted, Aug. 13, 2025, S291093.) "In such hearings, the DMV bears the burden of proving by a preponderance of the evidence certain facts, including that the driver was operating a vehicle with a blood-alcohol level of 0.08 percent or higher. [Citations.] The DMV may satisfy its burden using the presumption of section 664 of the Evidence Code. [Citation.] 'Procedurally, it is a fairly simple matter for the DMV to introduce the necessary foundational evidence. Evidence Code section 664 creates a rebuttable presumption that blood-alcohol test results recorded on official forms were obtained by following the regulations and guidelines of title 17. [Citations.] ... The recorded test results are presumptively valid and the DMV is not required to present additional foundational evidence.' [Citation.] With this presumption, an officer's sworn statement that the breath-testing device recorded a certain blood-alcohol level is sufficient to establish the foundation, even without testimony at the hearing establishing the reliability of the test."

(*Molenda v. Department of Motor Vehicles* (2009) 172 Cal.App.4th 974, 1001-1002 (*Molenda*).)  This case fits well within these parameters.

" 'Once the DMV establishes its prima facie case by presenting documents contemplated in the statutory scheme, the driver must produce affirmative evidence of the nonexistence of the presumed facts sufficient to shift the burden of proof back to the DMV.  [Citations.]  'The licensee must show, 'through cross-examination of the officer or by the introduction of affirmative evidence, that official standards were in any respect not observed[.]' " (*Molenda, supra,* 172 Cal.App.4th at p. 1002.)  Here, Rockwell did not present any affirmative evidence to rebut the presumption.  He instead vaguely and generically objected the breath test results were unsupported. [3]  His objection alone was insufficient to rebut the presumption.

In sum, the evidence introduced at the DMV hearing was properly admitted.  There is no reason to believe the hearing officer advocated at all in receiving the evidence and impliedly overruling Rockwell's objection—the objection was correctly overruled.  In other words, overruling a nonspecific objection does not demonstrate "actual bias or a constitutionally intolerable probability of bias." (*Knudsen, supra,* 101 Cal.App.5th at p. 198; *Today's Fresh Start, supra,* 57 Cal.4th at p. 221 [same].)  Rockwell's due process rights were not violated and the trial court erred in concluding otherwise.

## DISPOSITION

The judgment is reversed.  The trial court is directed to enter a new judgment consistent with this opinion and reinstating the hearing officer's ruling.

---

[3] The evidence includes a "breath test machine operator certification" which states the law enforcement officer administering the test was "qualified to operate the device," and "the test was administered pursuant to the requirements of Title 17 of the California Code of Regulations."  The regulations require "check[ing instruments] for accuracy," albeit the accuracy records themselves were not presented at the hearing.  There is no suggestion Rockwell was unable to investigate or produce or examine those records had he chosen to do so, and, accordingly, his due process rights in that regard were not infringed.

                                                                                                    SNAUFFER, J.

WE CONCUR:


LEVY, Acting P. J.


FRANSON, J.